IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 10-cv-02004-PAB

JEAN HUNTER,

    Plaintiff,

v.

CHASE BANK, N.A.,

    Defendant.

---

**ORDER DENYING PETITION FOR TEMPORARY INJUNCTION**

---

This matter is before the Court on plaintiff's Petition for Temporary Injunction [Docket No. 2]. Plaintiff, who is pro se, seeks an ex parte restraining order, requesting that the Court enjoin the foreclosure sale of her property. The Court's jurisdiction over this case is premised upon plaintiff's invocation of federal questions pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[1]

As an initial matter, plaintiff has not complied with the Local Rules. Local Rule 7.1 prohibits consideration of "any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party . . . before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule." Plaintiff has not certified compliance with Local Rule 7.1. Moreover, Local Rule 65.1(A)

---

[1] Plaintiff's allegations are insufficient to determine whether this Court also has diversity jurisdiction.

imposes requirements, in addition to those found in Local Rule 7.1, on parties seeking a temporary restraining order and makes clear that "[e]xcept in accordance with Fed. R. Civ. P. 65(b), the court will not consider an ex parte motion for temporary restraining order." Local Rule 65.1(A)(2). Plaintiff has not certified or otherwise established that she has provided defendant actual notice of her motion or described what efforts she has taken to provide such notice.[2]

Turning to the requirements of Federal Rule of Civil Procedure 65, the Court may issue a preliminary injunction, pursuant to Rule 65(a), "only on notice to the adverse party." Fed. R. Civ. P. 65(a). To succeed on a motion for a preliminary injunction or temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, 129 S. Ct. 365, 374 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Therefore, granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi*

---

[2] Furthermore, plaintiff has not complied with Local Rule 65.1(C), which requires that a "properly completed temporary restraining order information sheet shall be given to the clerk at the time of filing of the motion for temporary restraining order." The information sheet can be found in Appendix I to the Local Rules.

*Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

Plaintiff has not pled specific facts that demonstrate she is likely to succeed on the merits of her case. Instead, plaintiff's filings contain a loosely organized collection of generalized allegations, legal statements and broad criticisms of the legal system and the financial industry. Without more, the Court cannot determine what, if any, factual basis plaintiff believes supports her entitlement to relief under any of the legal bases she cites. Despite the leniency afforded a pro se party, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), plaintiff still must, but has failed to, allege sufficient facts to establish that she is properly entitled to relief. *See Hall*, 935 F.2d at 1110.

Plaintiff requests that the Court issue an injunction "without notice to defendant because plaintiff will suffer immediate and irreparable injury, loss or damage if the order is not granted before defendant can be heard as defendant has scheduled the above referenced sale for September 29th, and eviction from the property is imminent." Docket No. 2 at 25. Therefore, in addition to the prerequisites outlined above, plaintiff must also meet the requirements of Federal Rule of Civil Procedure 65(b), which provides that the

> court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Plaintiff has failed to offer "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). All that can be gleaned from her complaint and motion is that plaintiff contends that defendant seeks to wrongfully foreclose on plaintiff's home on September 29, 2010. Plaintiff has not demonstrated why she cannot provide defendant notice and an opportunity to be heard well before that date.

The lack of specific factual allegations also prevents meaningful analysis of the balance-of-equities and public-interest factors. There are equities and a public interest that can be implicated both by the halting of illegitimate foreclosures and the allowing of legitimate ones to proceed. The Court is unable to characterize the foreclosure at issue here and, consequently, cannot determine in whose favor these factors weigh.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Petition for Temporary Injunction [Docket No. 2] is DENIED.

DATED August 24, 2010.

                                                BY THE COURT:

                                                s/Philip A. Brimmer
                                                PHILIP A. BRIMMER
                                                United States District Judge